## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

LUIS G. RAMOS-RAMOS,

**Petitioner,**

v.

UNITED STATES OF AMERICA,

**Respondent.**

CIVIL NO. 22-1257 (RAM)

### MEMORANDUM AND ORDER[1]

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court are petitioner Luis G. Ramos-Ramos's ("Petitioner") motions seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 *(*the "*Motions*") and the United States of America's (the "Government") opposition thereto. (Docket Nos. 1; 2; 7).[2] For the reasons detailed below, the Court **DENIES** the *Motions* as untimely.

### I. PROCEDURAL BACKGROUND

On December 19, 2018, Petitioner pleaded guilty to Counts One and Three of his four-count federal indictment. (Case No. 18-014, Docket No. 33). Count One charged aiding and abetting a Hobbs Act

---

[1] Sayaka Ri, a second-year law student at Harvard Law School, assisted in the preparation of this Memorandum and Order.

[2] All record citations are to this Court's docket in Civil Case No. 22-1257 unless specified otherwise. Citations to Criminal Case. No. 18-014 are styled as "Case No. 18-014."

robbery while Count Three charged aiding and abetting in the use, carry, and discharge of a firearm in violation of 18 U.S.C. § 924(c). Id. The Honorable Juan M. Pérez-Giménez sentenced Petitioner to twenty-four (24) months of imprisonment as to Count One and one hundred forty-four (144) months as to Count Three, to be served consecutively to each other, for a total imprisonment term of one hundred sixty-eight (168) months. (Case No. 18-014, Docket No. 46). Judgment was entered on April 17, 2019. Id. Petitioner did not appeal his sentence.[3]

Petitioner mailed the *Motions* to the Court in May 2022 – over two years after the judgment was entered – and the Court received them on June 1, 2022. (Docket Nos. 1 and 2). In the *Motions*, Petitioner asserts that his sentence violated the First Step Act of 2018 because the Court improperly "stacked" his § 924(c) conviction. Id. He also raises issues of ineffective assistance of counsel. Id. On July 11, 2022, the Government filed an opposition brief in which they argue the *Motions* are untimely and meritless. (Docket No. 7).

## II.    APPLICABLE LAW

28 U.S.C. § 2255(a) provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or

---

[3] The case was assigned to the undersigned on June 3, 2022. (Case No. 18-014, Docket No. 50).

> that the court was without jurisdiction to
> impose such sentence, or that the sentence was
> in excess of the maximum authorized by law, or
> is otherwise subject to collateral attack, may
> move the court which imposed the sentence to
> vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Section 2255(f) establishes a one-year period

to file a motion requesting relief pursuant to the statute. *See* 28

U.S.C. § 2255(f). This filing period begins to run from the latest

of:

> **(1) the date on which the judgment of
> conviction becomes final;**
>
> (2) the date on which the impediment to making
> a motion created by governmental action in
> violation of the Constitution or laws of the
> United States is removed, if the movant was
> prevented from making a motion by such
> governmental action;
>
> (3) the date on which the right asserted was
> initially recognized by the Supreme Court, if
> that right has been newly recognized by the
> Supreme Court and made retroactively
> applicable to cases on collateral review; **or**
>
> (4) the date on which the facts supporting the
> claim or claims presented could have been
> discovered through the exercise of due
> diligence.

<u>Id.</u> (emphasis added)

### III.   ANALYSIS

**A. The *Motions* Are Untimely**

The Court entered Petitioner's criminal judgment on April 17,

2019, and Petitioner did not appeal. (Case No. 18-014, Docket No.

46). "When appellate review is not sought, the judgment becomes a

final judgment for habeas purposes once the deadline for filing a

notice of appeal expires 14 days later." Alvarado-Cosme v. United States, 2021 WL 5749843, at *2 (D.P.R. 2021) (internal quotation marks and citation omitted); see also Fed. R. App. P. 4(b)(1). Thus, Petitioner's judgment became "final" on May 1, 2019. Pursuant to 28 U.S.C. § 2255(f), he had until May 1, 2020 to file the Motions. The First Circuit has held that "a pro se prisoner's motion under 28 U.S.C. § 2255 or § 2254 is filed on the date that it is deposited in the prison's internal mail-system for forwarding to the district court, provided that the prisoner utilizes, if available, the prison's system for recording legal mail." Morales-Rivera v. United States, 184 F.3d 109, 109 (1st Cir. 1999). Therefore, Petitioner's Motions were "filed" in May 2022 when he deposited them in the prison's internal mail-system. (Docket No. 1 at 15). This was more than **two years** after the filing deadline. See 28 U.S.C. § 2255(f).

### B. Equitable Tolling

"[T]he one-year limitations period for filing a motion under section 2255 is non-jurisdictional and, thus, subject to equitable tolling." Dixon v. United States, 729 F. App'x 16, 19 (1st Cir. 2018) (citation omitted). The burden is on Petitioner to show "why the circumstances of his case justify equitable tolling of the limitations period." Id. To carry this burden, Petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing." Id. (internal quotation marks and citation omitted).

Petitioner failed to meet this burden. His *Motions* are devoid of any evidence to show that he pursued his rights diligently. (Docket Nos. 1 and 2). Additionally, he failed to identify an "extraordinary circumstance" that prevented timely filing. While Petitioner asserts in conclusory fashion that "his failure to challenge his § 924(c) conviction and sentence earlier is excused because his defense counsel was ineffective," similar arguments have been repeatedly rejected by courts in this Circuit. *See, e.g.*, Cordle v. Guarino, 428 F.3d 46, 48-49 (1st Cir. 2005) (collecting cases); (Docket No. 2 at 8-9). Simply put, Petitioner's failure to articulate *how* or *why* his defense counsel's allegedly ineffective representation hindered his ability to file the *Motions* within the one-year period is fatal to his claims. *See* Collado v. United States, 581 F. Supp. 2d 282, 285 (D.P.R. 2008) (explaining that "[t]he burden of establishing entitlement to equitable tolling rests with the Petitioner" regardless of his *pro se* status). Petitioner has not established entitlement to equitable tolling, and thus his claims are time-barred.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner Luis G. Ramos-Ramos's *Motions* at Docket Nos. 1 and 2 are **DENIED** as untimely. No certificate of appealability shall be issued as Petitioner has

failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Petitioner may still seek a certificate directly from the United States Court of Appeals for the First Circuit pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure. Judgment of **DISMISSAL WITH PREJUDICE** shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of November 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge